J. B. CASON, F. J. MARKERT, HARRY WYNNS, W. T.
BRINSON, CHARLES C. CASON AND W. R. BIGHAM,
*Appellants*, v. E. M. WATKINS, W. A. COLLINS, W.
R. YARBROUGH, J. T. WILLIAMS, AND R. M. DRIG-
GERS, AS THE BOARD OF COUNTY COMMISSIONERS
FOR SUMTER COUNTY, FLORIDA, *Appellees*.

## Opinion Filed Jan. 8, 1916.

Where at an election held under the provisions of the statute to
determine whether bonds shall be issued by the county for the
purpose of obtaining money with which to construct hard
surfaced roads, the electors authorize the issuing of bonds to
bear interest at six per cent per annum, the county commis-
sioners may in their discretion provide for the payment of
the interest on such bonds annually or at maturity.

Appeal from Circuit Court, Sumter County; W. S.
Bullock, Judge.

Decree affirmed.

*J. T. McCollum,* for Appellants;

*H. M. Hampton* and *John P. Wall,* for Appellees.

PER CURIAM.—The appellants who were the com-
plainants below sought to enjoin the appellees, as the
Board of County Commissioners for Sumter County
from selling or issuing certain Special Road and Bridge
District Bonds with the interest payable "semi-annually,
or annually, or at other times until the maturity of the
bonds so issued."

An election was held in Sumter County during the
month of November, 1915, to decide whether bonds to

the amount of sixty thousand dollars should be issued for the purpose of constructing hard surfaced roads. No question is raised as to the regularity of the election, nor the authority of the county to issue the bonds, all such questions having been settled in a suit instituted under the provisions of Chapter 6868 Laws of Florida, 1915, which resulted in a decree validating and confirming the bond issue as voted for and authorized.

In the bill of complaint however the point was made that although at the election the voters authorized the bonds to be issued with interest "at the rate of six per cent per annum," the County Commissioners proposed to issue the bonds to bear interest at that rate, but the interest to be payable "semi-annually."

The defendants demurred to the bill and upon agreement the demurrer was sustained and the application of complainants for an injunction denied and the bill dismissed. The Chancellor recited in his decree that it was "admitted by the respective solicitors that the point at issue and now presented for determination and the point that is decided by the Court is: Has the County Commissioners the right under the proceedings had in the matter of the issue of bonds now involved, to make the interest upon said bonds payable *annually*."

Under the Chancellor's statement as to the issue presented, which is equivalent to an order that the bill by consent of solicitors should be amended so as to. allege that the "County Commissioners proposed to issue the bonds with interest payable annually," we think the decree was correct. The act under which the bonds will be issued makes provision for the assessment annually of a tax to pay the interest as it may become due and the principle of the bonds at maturity. There is a clear distinction made between the time when the interest may

become due and the time when the bonds mature.    This we think is sufficient authority when considered in connection with the purpose of the act, to vest a discretion in the Board of County Commissioners as to whether they should provide for the interest on the bonds being made payable annually or at maturity of the bonds.

The decree is affirmed.

All concur.